Zimmerman, J.
In the petition, plaintiff charges defendant with negligence in the following language:
“Plaintiff further says that the defendant was guilty of negligence in that although the defendant had or should have had transportation for its said employees [Oddo and Evans] on its own tracks from Hartland Station to Norwalk, Ohio, that it directed and ordered plaintiff’s decedent to return to Nor-walk by automobile, well knowing that said highways were unsafe and dangerous by reason of snow and ice thereon and thereby negligently failed to furnish a safe place for the performance of his duties.”
Plaintiff’s decedent, Oddo, then 58 years of age, was an employee of defendant at its maintenance of way department, *326 section 10, which section extended east from the city of Nor-walk through Hartland Yard and the village of Clarksfield. On the night of December 1, 1952, snow fell in this vicinity, perhaps three to four inches. At about 3:30 on the morning of December 2, 1952, Caprara, Oddo’s foreman, contacted Oddo and another employee named Evans by telephone at their respective homes in Norwalk and, according to Caprara’s testimony, he directed them to meet him at defendant’s Huron Junction toolhouse near the Norwalk city waterworks. When Caprara arrived there he saw the tire tracks of an automobile in the snow and the footprints of two men and observed that “something” had been removed from the toolhouse.
After waiting 10 or 15 minutes, Caprara entered his automobile and drove to Hartland Yard, some six miles east of Norwalk. There he was informed that Oddo and Evans had arrived and had gone out to “clean switches.” At Hartland Yard there was one main track, over which defendant’s trains operated in interstate commerce, and seven or eight adjacent tracks. Also in the yard were two power switches electrically controlled and 12 “hand throw” or manually operated switches.
Caprara testified further that Oddo and Evans returned to the “front yard” at approximately 6:30 a. m. The bill of exceptions then shows that the following transpired between Caprara and Oddo and Evans:
“Q. What did you say to them? A. Well, I just asked what the idea driving up to Hartland was; they wasn’t authorized to drive.
“Q. What did they say to that? A. They didn’t answer me.
“Q. What did you tell them to do then? A. Well, I told them to put the tools away and go home for breakfast and come back to the toolhouse at the regular starting time [7:30 a. m.].”
It appears that, under the rules then in effect, the working time for which Oddo and Evans were paid by defendant started when they arrived at the Huron Junction toolhouse and ended when they returned there.
After the' above-quoted conversation, Oddo and Evans started back to Norwalk in an automobile driven by Oddo and traveled west over State Route No. 18. During the drive, the right wheels of the automobile unexplainedly got into a depres *327 sion or rut in the berm to the north of the highway, and, in an attempt to get the automobile back on the road, it slipped or skidded in front of a motor truck approaching from the opposite direction. A collision occurred and both Oddo and Evans were killed; and this was the incident which gave rise to the present action..
The defendant contends that, in the circumstances disclosed, the Federal Employers’ Liability Act does not apply. However, paragraph one of a stipulation of facts entered into between counsel for plaintiff and defendant contains this language:
“While working at Hartland Junction on the morning of December 2, 1952, William H. Oddo was engaged in his employment by defendant, the New York, Chicago & St. Louis Railroad Company, within the scope of his employment in the furtherance of interstate commerce.”
So far as it may be pertinent here, Section 51, Title 45, U. S. Code, a part of the Federal Employers’ Liability Act, provides:
“Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury * * * or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * *
In the comparatively recent case of Rogers v. Missouri Pacific Rd. Co., 352 U. S., 500, 506, 1 L. Ed. (2d), 493, 499, 77 S. Ct., 443, 448, it is stated in the majority opinion:
“Under this statute [Section 51 et seq., Title 45, U. S. Code] the test of a jury case is simply whether the proofs justify ivith reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. * * * Judicial appraisal of the proofs to determine whether a jury question is presented is normally limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.” (Emphasis supplied.)
Plaintiff’s sole claim of negligence is based ou the fact that defendant’s foreman directed Oddo to return to Norwalk over a snow covered highway. The facts indicate that Oddo unauthorizedly and voluntarily used a private conveyance to *328 reach Hartland Yard when there was available to him other means of authorized transportation to that place. Oddo made the trip there safely over passable roads traversed by other motor vehicles. In those circumstances could the foreman with reason have anticipated or foreseen that the trip, back to Nor-walk would prove disastrous — that the wheels of Oddo’s automobile would leave the highway proper and get into a depresáion or rut in the berm, and that the automobile would then skid into the path of another vehicle. We do not think so.
The collision occurred on a public highway outside the environs of Oddo’s work area on the railroad and during an activity foreign to the work he was hired to perform and represented an incident which might have happened to any traveler by motor vehicle using the highway at the time. The incident, in and of itself, was one wholly beyond defendant’s control and for which responsibility may not logically be charged to defendant. At most, Oddo’s employment by defendant was but a condition and in no sense a contributing factor of causation in his unfortunate death. Surely any causal connection between Oddo’s employment and his fatal injuries was too remote to involve the defendant. It can not fairly be said, then, with reason, that the conduct of defendant’s foreman was a recognizable element in producing Oddo’s death.
And we are of the opinion that, as a matter of law, the jury’s answers to special interrogatories numbers three and four do not operate to impose liability on the defendant. It may be noted that, in answer to interrogatory number five, the jury found that the defendant could not ‘ ‘ reasonably have foreseen that William H. Oddo, having driven his automobile to Hartland Station, would be injuried or killed because of his negligent driving after leaving Hartland Station that morning.” Anri, in answer to special interrogatory number six, the jury found that the defendant did not have “the right to direct and control the manner in which William H. Oddo drove his automobile after he left Hartland Station.”
In the cases of Sassaman v. Pennsylvania R. Co. (C. C. A., 3), 144 F. (2d), 950, and Metropolitan Coal Co., Inc., v. Johnson (C. A., 1), 265 F. (2d), 173, it was held that where a railroad employee sustains injuries by the claimed negligence of his employer, some distance from the place of his actual employment *329 and in a situation removed from interstate commerce, the Federal Employers ’ Liability Act does not apply. If the cited cases were correctly decided, real doubt exists as to whether decedent in the instant case was covered by that act at the time and in the circumstances of his fatal injuries. If he was not, plaintiff herein is relegated to the law governing negligence as pronounced by the Supreme Court of Ohio under the doctrine of Erie Rd. Co. v. Tompkins, 304 U. S., 64, 82 L. Ed., 1188, 58 S. Ct., 817.
But assuming the Federal Employers’ Liability Act is applicable here, it has been clearly established under such act that an employer is not an absolute insurer of his employee’s safety but is liable as to such employee only for negligence. Wilkerson v. McCarthy et al., Trustees, 336 U. S., 53, 93 L. Ed., 497, 69 S. Ct., 413. Certainly such act was not intended to be the equivalent of a workmen’s compensation act or a general comprehensive accident insurance policy. As we interpret the act, proof of some negligence on the part of the employer bearing a reasonable causal relationship to an injury is essential to warrant the recovery of damages against such employer. Tiller, Exr., v. Atlantic Coast Line Rd. Co., 318 U. S., 54, 67, 87 L. Ed., 610, 617, 63 S. Ct., 444, 451, 143 A. L. R., 967, and Tennant, Admx., v. Peoria & Pekin Union Ry. Co., 321 U. S., 29, 88 L. Ed., 520, 64 S. Ct., 409. See, also, Inman v. Baltimore & Ohio Rd. Co., 108 Ohio App., 124, 161 N. E. (2d), 60, motion to certify overruled July 7, 1958, appeal dismissed, 168 Ohio St., 335, 154 N. E. (2d), 442, judgment affirmed, 361 U. S., 138, 4 L. Ed. (2d), 198, 80 S. Ct., 242.
In conclusion, whether the present case is controlled by the Federal Employers’ Liability Act or by Ohio law, we think the trial court properly rendered judgment for the defendant notwithstanding the verdict, and for that reason the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

Judgment reversed.

"Weygandt, C. J., Taet, Matthias, Bell, Doyle and O’Neill, JJ., concur.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.